UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-87-TAV-DCP |
| | ) | |
| RASHAUN PITTS, JODY STEELMAN, | ) | |
| and JENNIFER WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Rashaun Pitts' Motion to Continue Plea Deadline and Trial Date [Doc. 35], filed on October 17, 2025.

Defendant requests the Court to continue the plea deadline, set for October 17, 2025, and the trial date, set for November 18, 2025 [*Id.*]. In support of his motion, Defendant states that his counsel has not been able to complete the investigation into the facts and circumstances of this matter and cannot yet fully advise him of the best possible resolution for his case [*Id.* ¶ 1]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The Government does not oppose the request for a continuance [*Id.* ¶ 4].

Codefendant Jody Steelman filed a response to the motion to continue and stated that he understood his speedy trial rights and agrees to the continuance [Doc. 37 p. 1]. Codefendant Jennifer Williams filed a notice stating that she did not oppose the continuance in this case, and

understood her rights under the Speedy Trial Act and the implications a continuance would have on those rights [Doc. 38 p. 2].

Based on the information in Defendant Pitts' motion and because the Government and Codefendants Steelman and Williams do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs the additional time to investigate, consult with Defendant, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 18, 2025 trial date.

The Court therefore **GRANTS** Defendant Rashaun Pitts' Motion to Continue Plea Deadline and Trial Date [**Doc. 35**]. The trial of this case is reset to **January 13, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 17, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Rashaun Pitts' Motion to Continue Plea Deadline and Trial Date [**Doc. 35**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 13, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 17, 2025**, and the new trial date of **January 13, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 12, 2025;**

(5) the deadline for filing motions *in limine* is **December 29, 2025**. Responses to motions *in limine* are due on or before **January 6, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 30, 2025, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 5, 2026.**

**IT IS SO ORDERED.**

ENTER:

/s/ Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge